UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BARRY CARSON,

        Plaintiff,

v.                                            Case Number 06-11878-BC
                                              Honorable David M. Lawson

J&D IMPLEMENT, INCORPORATED
and JEFFREY MITCHELL,

        Defendants.

_____/

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO ADJOURN DEPOSITION, DIRECTING PARTIES TO MEET AND CONFER, AND SCHEDULING A CASE MANAGEMENT CONFERENCE**

        This matter is before the Court on the plaintiff's motion to adjourn his deposition, presently scheduled for August 16, 2006, because the Court has not yet conducted a formal case management and scheduling conference pursuant to Federal Rule of Civil Procedure 16. The plaintiff, however, appears to misunderstand both Federal Rules 16 and 26, neither of which stand for the proposition that a scheduling conference must occur as a condition precedent to discovery. In fact, a fair reading of those Rules suggests that the deposition may proceed as long as it occurs after the parties meet and confer as contemplated by Rule 26(f).

        The plaintiff bases his argument on Rule 26(d), which provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." He appears to read Rule 16(b) to require that the Court order a scheduling conference before the parties may confer pursuant to Rule 26(f). As a result, the plaintiff asserts, because the Court has not ordered a Rule 16 conference, the parties cannot yet arrange to meet and confer under Rule 26(f), and in turn, because the parties have not yet "conferred as required by Rule 26(f)," the defendant may not depose

the plaintiff. Stated otherwise, the plaintiff understands Rule 16 to place the burden on the Court to schedule a conference as a prerequisite to discovery.

> The plaintiff misreads the rule. Rule 16(b) states:
>
> Except in categories of actions exempted by district court rule as inappropriate, the district judge, or a magistrate judge when authorized by district court rule, shall, after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties and any unrepresented parties by a scheduling conference, telephone, mail, or other suitable means, enter a scheduling order that limits the time
>
> (1) to join other parties and to amend the pleadings;
> (2) to file motions; and
> (3) to complete discovery.

Fed. R. Civ. P. 16(b).

In addition to Rule 16, however, Rule 26(f) directs the parties to meet and confer *prior* to a scheduling conference held under Rule 16. Rule 26 provides:

> Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E) or when otherwise ordered, the parties must, *as soon as practicable* and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b), confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan . . . .

Fed. R. Civ. P. 26(f) (emphasis added). Thus, although it is the Court's responsibility to schedule a Rule 16 conference, it is the parties' duty to meet and confer beforehand under Rule 26(f). Most importantly, the Rule 26(f) conference is to occur at the parties' own initiation: they need not and should not wait for Court intervention. Rather, they must meet "as soon as practicable" after the action is filed and the defendant appears. Plainly, Rule 26(d) is only a bar to discovery when the parties have, despite good faith and reasonable diligence, failed to meet and confer as required by Rule 26(f).

The present action was filed in April of 2006 and it appears the parties have not yet met and

conferred despite the plain language of Rule 26(f) requiring them to do so "as soon as practicable." The Court therefore will deny the plaintiff's motion without prejudice and direct the parties to meet and confer "as soon as practicable."  If the parties are able to meet and confer prior to the date of the deposition, then the deposition may proceed as scheduled.  If, despite their good faith and reasonable diligence, the parties are unable to meet and confer by that date, then the deposition may be adjourned from day to day until the conference is completed.

Accordingly, it is **ORDERED** that the plaintiff's motion to adjourn his deposition is **DENIED WITHOUT PREJUDICE**.  The plaintiff may apply to the Court for appropriate relief if the parties are unable to meet and confer prior to the scheduled date of the deposition despite diligent efforts to do so.

It is further **ORDERED** that the parties appear for a case management and scheduling conference on **September 19, 2006 at 3:00 p.m.**

It is further **ORDERED** that counsel shall prepare and serve on opposing counsel and the Judge's chambers, **ONE WEEK PRIOR TO THE CONFERENCE**, a short statement (DOUBLE SPACED) *which shall not be filed with Clerk's office or electronically filed*, which:

- Summarizes the background of the action and the principal factual and legal issues;
- Outlines the proposed discovery;
- Describes any outstanding or anticipated discovery disputes, and the basis you have for any objection;
- Discloses insurance available to satisfy part or all of a judgment, including indemnification agreements; and
- Proposes an appropriate management plan, including a schedule setting discovery cut-off and trial dates.

Counsel are encouraged to discuss their statements prior to the Status and Scheduling Conference. This statement shall not be filed with the Clerk of the Court.  If counsel have met pursuant to

Fed. R. Civ. P. 26(f), your proposed discovery plan shall be filed with the Clerk of the Court in lieu of these statements, supplemented as necessary to provide the above information.

It is further **ORDERED** that counsel be prepared to discuss the following at the Scheduling Conference:

    A.    The issues and narrowing the issues;

    B.    Subject matter jurisdiction;

    C.    Relationship to other cases;

    D.    Necessity of amendments to pleadings, additional parties, third-party complaints, etc.;

    E.    Settlement, including alternative dispute resolution;

    F.    Progress of discovery (counsel are instructed to commence significant discovery prior to the conference);

    G.    Issues which may appropriately be resolved by motion; and

    H.    Estimated trial length.

**Counsel are directed to discuss with their clients case evaluation (formerly "mediation") and the prospect of obtaining authority to stipulate to be bound by the provisions of Mich. Ct. R. 2.403, including the section dealing with sanctions.** Counsel are advised to bring their calendars for the scheduling of dates.

                      s/David M. Lawson
                      DAVID M. LAWSON
                      United States District Judge

Dated: August 15, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 15, 2006.

                s/Tracy A. Jacobs
                TRACY A. JACOBS